**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PACIFICHEALTH LABORATORIES, INC.,   )
  )
  )
      Plaintiff,   )
  )
    v.   )    06-cv-01340
  )
PAKET CORPORATION,   )    Judge Manning
  )    Magistrate Judge Nolan
      Defendant.   )

## ANSWER TO COUNTERCLAIM

Plaintiff PacificHealth Laboratories, Inc. ("PacificHealth"), responds to the Counterclaim

of Defendant Paket Corporation ("Paket") as follows:

### Counterclaim ¶ 1

Paket Corporation ("Paket") is an outsourced packaging company which packages its
clients [sic] products, not its own products.

### Answer ¶ 1

PacificHealth is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 1 and, therefore, denies same.

### Counterclaim ¶ 2

Paket also has the ability to manufacture some of its clients' products at its own facility
pursuant to its clients' formulas.

### Answer ¶ 2

PacificHealth is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 2 and, therefore, denies same.

### Counterclaim ¶ 3

Paket maintains its facility in accordance with Federal Food and Drug Administration (FDA) standards, State of Illinois standards and City of Chicago standards.

### Answer ¶ 3

PacificHealth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies same.

### Counterclaim ¶ 4

In 2003, Paket began negotiations with PacificHealth to manufacture PacificHealth's product, Accel Gel, using PacificHealth's formula; package the Accel Gel for retail sales; and deliver the finished product to PacificHealth.

### Answer ¶ 4

PacificHealth admits the allegations in Paragraph 4.

### Counterclaim ¶ 5

On November 13, 2003, Paket communicated its written offer to PacificHealth for the manufacture and packaging of Accel Gel.

### Answer ¶ 5

PacificHealth admits that Paket communicated a written offer to it, but denies that the writing contained all of the proposed terms of the contract between the parties.

### Counterclaim ¶ 6

PacificHealth accepted Paket's written offer, and the written offer thus became Paket and PacificHealth's entire contract.

### Answer ¶ 6

PacificHealth admits that it accepted Paket's offer, but denies that the writing constituted the entire contract between the parties.

### Counterclaim ¶ 7

Pursuant to multiple purchase orders, Paket manufactured and packaged PacificHealth's Accel Gel and delivered the finished product to PacificHealth.

### Answer ¶ 7

PacificHealth admits that multiple purchase orders were placed with Paket and that, from April 2004 through April 2005, Paket delivered finished product to PacificHealth.  PacificHealth denies that finished product delivered by Paket starting in May 2005 conformed to the parties' contract.

### Counterclaim ¶ 8

Pursuant to their contract, Paket invoiced PacificHealth for the ingredients used in the manufacture of the Accel Gel and for Paket's costs associated with the manufacture and packaging of PacificHealth's Accel Gel.

### Answer ¶ 8

PacificHealth admits that Paket invoiced it for ingredients and costs of manufacture and packaging but denies that finished product delivered by Paket starting in May 2005 conformed to the parties' contract.

### Counterclaim ¶ 9

In 2005, it was discovered that a batch of PacificHealth's Accel Gel was contaminated with yeast.

### Answer ¶ 9

PacificHealth admits that yeast contamination was discovered but denies that the contamination was limited to "a batch."  In fact, several lots of Accel Gel were found to be contaminated with yeast.

### Counterclaim ¶ 10

Paket immediately hired an independent food consultant to test the Accel Gel and Paket's manufacturing and packaging processes.

### Answer ¶ 10

PacificHealth is without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Paket "immediately hired an independent food consultant." PacificHealth admits that Paket, in July 2005, hired an independent consultant to assess its facility.

### Counterclaim ¶ 11

The independent food consultant visited Paket's facility on three separate occasions, and concluded that PacificHealth's formula was faulty, thus allowing yeast to build up in the product.

### Answer ¶ 11

PacificHealth is without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether the consultant "visited Paket's facility on three separate occasions." PacificHealth denies that the consultant concluded that the formula was faulty.

### Counterclaim ¶ 12

The food consultant concluded that the yeast contamination was not a result of Paket's manufacturing or packaging processes.

### Answer ¶ 12

PacificHealth denies the allegations in Paragraph 12. On the contrary, the independent food consultant hired by Paket concluded that Paket's equipment was contaminated with yeast and that other improper formulation and manufacturing conditions at Paket's facility promoted yeast growth.

### Counterclaim ¶ 13

Paket informed PacificHealth of the food consultant's findings.

**<u>Answer ¶ 13</u>**

PacificHealth admits that Paket informed it of the results of the food consultant's

findings, but denies that the food consultant found that the product formula was the cause of the

yeast contamination.  On the contrary, the independent food consultant hired by Paket concluded

that Paket's equipment was contaminated with yeast and that other improper formulation and

manufacturing conditions at Paket's facility promoted yeast growth.

**<u>Counterclaim ¶14</u>**

Paket refused to continue the manufacture and packaging of PacificHealth's product
unless PacificHealth changed its formula and agreed to assume complete liability for
defective batches of the product.

**<u>Answer ¶ 14</u>**

PacificHealth admits that Paket was previously (and still is) liable for defective batches

of the product.  PacificHealth denies the remaining allegations in Paragraph 14.

**<u>Counterclaim ¶ 15</u>**

PacificHealth so agreed, and altered its formula; and Paket resumed the manufacture and
packaging of the Accel Gel.

**<u>Answer ¶ 15</u>**

PacificHealth denies the allegations in Paragraph 15.

**<u>Counterclaim ¶ 16</u>**

After a few batches of the new formula of Accel Gel, PacificHealth cancelled the parties'
contract.

**<u>Answer ¶ 16</u>**

PacificHealth denies the allegations in Paragraph 16.  PacificHealth cancelled the

contract due to Paket's continued non-performance, breach of contract, and failure to cure.

## COUNT I
## BREACH OF CONTRACT

### Counterclaim ¶ 17

Paket realleges each of the allegations contained in Paragraphs 1 through 16 as if full set forth herein.

### Answer ¶ 17

PacificHealth restates its answer to Paragraphs 1 through 16 of Defendant's Counterclaim if fully set forth herein.

### Counterclaim ¶ 18

Paket and PacificHealth entered into a contract in which Paket would manufacture PacificHealth's Accel Gel product in accordance with PacificHealth's formula and package the finished product for retail sale, in exchange for payment.

### Answer ¶ 18

PacificHealth denies the allegations in Paragraph 18 to the extent that it purports to set forth the entire agreement between PacificHealth and Paket.

### Counterclaim ¶ 19

Paket completed its duties under the contract by manufacturing, packaging and delivering the finished Accel Gel to PacificHealth.

### Answer ¶ 19

PacificHealth denies the allegations in Paragraph 19.

### Counterclaim ¶ 20

Paket invoiced PacificHealth, pursuant to their contract.

### Answer ¶ 20

PacificHealth admits that it received invoices from Paket but denies that it is obligated to pay certain invoices pursuant to the contract.

## Counterclaim ¶ 21

However, PacificHealth breached the contract by failing to pay Paket all money due, leaving either portions of invoices or entire invoices outstanding.

## Answer ¶ 21

PacificHealth denies the allegations in Paragraph 21.

## Counterclaim ¶ 22

As a result of PacificHealth's breach, Paket has suffered damages, including, but not limited to, costs it incurred on behalf of PacificHealth, production costs, labor costs, filling charges and component costs and other consequential damages arising from PacificHealth's breach.

## Answer ¶ 22

PacificHealth denies the allegations in Paragraph 22.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

PacificHealth rightfully rejected Paket's delivery of non-conforming goods and therefore

has no obligation to pay for the goods and the related costs.

### Second Affirmative Defense

Paket breached the contract's express terms and express warranties.

### Third Affirmative Defense

Paket breached the implied warranties of merchantability and fitness for a particular

purpose.

### Fourth Affirmative Defense

Paket failed to substantially perform its obligations and materially breached the contract.

## **Fifth Affirmative Defense**

Paket has not made any effort, or has made an insufficient effort, to mitigate any damages that it may have incurred.

WHEREFORE, Plaintiff PacificHealth Laboratories, Inc. prays for the entry of an order of judgment against Paket:

a.      Dismissing Paket's Counterclaim;

b.      For costs, expert witness fees and reasonable attorneys fees incurred; and

c.      Such other legal and equitable relief as this Court may deem just and proper.

Dated:  May 1, 2006                              Respectfully submitted,

                                                          PACIFICHEALTH LABORATORIES, INC.

                                              By: /s/ Matthew C. Sostrin
                                                        One of its attorneys

Richard F. Bulger
Matthew C. Sostrin
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois  60606
(312) 710-8138
(312) 706-9119 (fax)

James G. Aaron
Doug J. Katich
ANSELL ZARO GRIMM & AARON PC
1500 Lawrence Avenue
Ocean, New Jersey 07713
(732) 922-1000
(732) 922-6161 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 1, 2006, I electronically filed the foregoing Answer to Counterclaim with the Clerk of Court using the CM/ECF system which will send electronic notification to the following:

brown@conversebrown.com (Jeffrey Grant Brown)

tiebert@conversebrown.com (Amanda G. Tiebert)

/s/ Matthew C. Sostrin

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois  60606
(312) 710-8138
(312) 706-9119 (fax)
